IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|

TONI C. WORKS,

     Plaintiff,

         v.

MICHAEL J. ASTRUE,
Commissioner, U.S. Social Security
Administration,

     Defendant.

Civil Action No.: RDB 10-1284

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

On March 29, 2011, this Court entered its Memorandum Opinion (ECF No. 27) and Order (ECF No. 28) awarding summary judgment to Defendant Michael J.  Astrue in his official capacity as Commissioner of the United States Social Security Administration ("SSA") and against Plaintiff Toni C. Works ("Works").  On April 12, 2011, Plaintiff filed the pending Motion for Reconsideration pursuant to Maryland Local Rule 105.10 and Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 29).  SSA filed a Memorandum in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 31) on April 21, 2011.  This Court has reviewed the pleadings and finds no hearing necessary.  *See* Local Rule 105.6 (D. Md. 2011).   For the reasons stated below, Plaintiff's Motion for Reconsideration is DENIED.

**BACKGROUND**

The background facts of this action were fully set forth in this Court's Memorandum Opinion of March 29, 2011 (ECF No. 27). *See Works v. Astrue*, No. RDB-10-1284, 2011 WL 1197655 (D. Md. March 29, 2011). To summarize, Plaintiff Toni Works was a probationary employee of the Defendant, the Social Security Administration, from August 26, 2002 until August 8, 2003. Works received 100% disability compensation from the Department of Veterans Affairs ("VA") and the SSA due to a seizure disorder she developed after suffering from a traumatic brain injury. Works's probationary status allowed her to be employed by the Defendant on a trial basis without having to discontinue her benefits in order to demonstrate whether she could successfully perform the job and be retained on a permanent basis.

Works was employed by SSA as a Management Assistant in the Office of Management Operations, where she was required to maintain and compile data regarding flow charts and staffing levels, make routine calculations regarding staff hours and employee workload, provide charts and graphs of data, and assist with other duties that were assigned to her. From the beginning of her employment, Works had issues completing her assignments correctly and without assistance from her coworkers. Further, Works was observed stepping away from her desk for long periods of time, taking personal phone calls during the workday, and failing to properly sign in and out on her time sheets. During her deposition, Works acknowledged that some of her co-workers and supervisors were unhappy with her performance.

Works initially did not have any apparent health problems during the first four months of employment at the SSA.  Yet, in early January 2003 she suffered a seizure while she was at home and as a result, Works requested and was granted advanced leave after the VA determined that she was unable to work from January 7 to January 20, 2003.  When Works returned to work, there is no evidence that she requested any accommodations or indicated that her medications affected her workplace performance.  However, on February 13, 2003 she suffered a seizure at work, and was granted medical leave until February 21, 2003.  Rather than return when she was cleared to work, Works took time off for a purported doctor's appointment that was wholly unrelated to her seizure disorder, and because she did not provide any documentation for her absence, she was considered absent without leave.

During her mid-year performance review in March 2003, Works's superiors (Marjorie Warner and William Johnson-Bey) informed her that she had received a significant number of negative comments regarding her performance and abilities, and that she needed to improve her work habits.  Notwithstanding this critique, in the following months, Works's supervisors did not notice any improvement, and she continued to take large amounts of leave, most of which did not relate to her seizure disorder.  When her supervisors informed her that her performance and conduct were only getting worse, and that she would likely not be retained after her probationary period, Works unsuccessfully appealed to Warner and Johnson-Bey to reconsider her pending termination.  On July 25, 2003, Works was given a notice of proposed removal stating that her termination would be effective on August 8, 2003, and her request for reassignment was denied.

On July 22, 2003, after Works learned that she would not be retained, she contacted an Equal Employment Opportunity counselor about her claims that she had been discriminated against because of her race, age, epilepsy, and diabetes.   Although Works submitted an affidavit during the Equal Employment Opportunity Commission's ("EEOC") investigation stating that she never expressly asked for a reasonable accommodation, she requested a hearing before an Administrative Law Judge ("ALJ").   During the hearing, Works admitted to making false statements in her affidavit.   Ultimately, the ALJ ruled in favor of the SSA, finding that SSA granted all leave requests related to her seizure disorder, that there was no evidence of her supervisors discriminating against her as a result of her taking this leave, and that Works' request for reassignment occurred after she was notified of her termination and therefore could not be considered a request for accommodation. Works appealed the ALJ's decision to the EEOC, which subsequently affirmed the ALJ.

On May 21, 2010, Works filed this action against SSA for disability discrimination, failure to accommodate, and retaliation.   On March 29, 2011, this Court issued an order granting summary judgment to SSA. Subsequently, on April 12, 2011, Works submitted the pending Motion for Reconsideration.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration."   Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment.   *See Katyle v. Penn Nat'l Gaming, Inc.*, No. 09-2272, 2011 WL 857144, at *5 n.4 (4th Cir. Mar. 14, 2011).   The United States Court of Appeals for the Fourth Circuit has

repeatedly recognized that a final[1] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al., Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

Plaintiff has not met the high bar she faces to succeed on her Motion for Reconsideration. There has been no intervening change in controlling law since this Court's Memorandum Order of March 29, 2011; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. Instead, Works

---

[1] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

only alleges that this Court erred in its decision.  Nevertheless, Plaintiff's main arguments are considered in the following discussion.

The plaintiff claims that the Court should reconsider its decision not to defer judgment based on the plaintiff's Rule 56(d)[2] request because the Court did not expressly refer to Rule 56(d) in the memorandum opinion.  However, this Court does not need to expressly explain its reasoning when granting an order that is inconsistent with the requested relief.  As the Fourth Circuit explained in *Malbon v. Pennsylvania Millers Mut. Ins. Co.*, "the determination of a motion need not always be expressed but may be implied by the entry of an order inconsistent with the granting of the relief sought."  636 F.2d 936, 939 n.8 (4th Cir. 1980).  Because this Court granted the Defendant's Motion for Summary Judgment, the Plaintiff's Rule 56(d) affidavit "may be deemed to have been considered, but to have been found insufficient in merit[.]"  *Id.*  The Court's failure to explain its denial of the Rule 56(d) request is not sufficient grounds on which to grant the Plaintiff's Motion to Reconsider.

The Plaintiff claims that the Court erred in its application of the summary judgment standard by failing to view the facts in the light most favorable to the non-movant.   This claim is not only contrary to the Court's express application of the proper standard, it does not constitute a claim for which a Rule 59(e) Motion to Reconsider may be granted.  *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (holding that "mere disagreement [with the application of a legal standard] does not support a Rule 59(e) motion.").  Further,

---

[2] The Plaintiff erroneously references Fed. R. Civ. P. 56(f) in the Motion to Reconsider, whereas the proper rule for deferring judgment when facts are unavailable to the nonmovant is Fed. R. Civ. P. 56(d).

this Court clearly applied the proper standard when considering all undisputed facts in the case.

While the Plaintiff presents numerous explanations for her problematic employment record, it is not the function of this Court to consider the reasoning behind her supervisor's actions in response to undisputed facts. *See Wells v. Gates*, 336 Fed. Appx. 378, 388 (4th Cir. 2009) (stating that that Federal courts "do not sit as a kind of super-personnel department weighing the prudence of employment decisions made by employers[.]"). For instance, the fact that Works' supervisors observed her spending a great deal of time away from her desk is undisputed, and therefore her claim that "she did not spend any more time socializing or on personal phone calls than other employees" is irrelevant. *See Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006) ("Duty-bound though we are to examine employment decisions for unlawful discrimination, we are not cloaked with the authority to strip employers of their basic business responsibilities."). It is not the Court's place to second-guess employers' actions based on undisputed facts.

The Plaintiff further claims that the Court erred in granting summary judgment on Works' retaliation claim. Again, mere disagreement with a Court's grant of summary judgment is not sufficient grounds for a Rule 59(e) Motion to Reconsider. Further, the Plaintiff provides no additional argument supporting her retaliation claim, and merely restates her own speculation as to her employer's motivation. Such speculation is not sufficient to defeat a motion for summary judgment. *See Francis v. Booze, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) ("Mere unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party

should win as a matter of law."). Additionally, the Plaintiff's claim that the temporal relationship between her requests for leave and her termination is sufficient to establish causality is not supported by any controlling law. As this Court has previously concluded, temporal proximity alone is not sufficient to establish a causal connection for the purpose of stating *prima facie* case of retaliation. *Plunkett v. Potter*, No. RDB-10-1096, 2011 WL 1627347, at *3 (D. Md. Apr. 28, 2011).

Finally, the Plaintiff claims that the Court erred in granting summary judgment on her failure to accommodate claim, stating that "the Agency's failure to accommodate her was ongoing from the beginning until the end of her employment." Pl.'s Mot. at 12, ECF No. 29. Contrary to this assertion, and as this Court previously concluded, the Defendant granted Plaintiff's requests for leave—none of which constituted a proper request for an accommodation in the first place. *Works*, 2011 WL 1197655, at *7.

In sum, Plaintiff merely reiterates arguments this Court previously rejected in its March 29, 2011 Memorandum Opinion, and propounds new arguments that it could have raised during the summary judgment phase of this matter. In short, Plaintiff does not point to any controlling case law or evidence that was unavailable at the time of this Court's Order that tends to show that she is entitled to relief. In other words, Plaintiff's motion does not raise any serious question about the correctness of this Court's final judgment.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration fails to satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure.  Accordingly, it is this 3rd day of February, 2012, ORDERED that:

1.  Plaintiff's Motion for Reconsideration (ECF No. 29) is DENIED; and

2.  The Clerk of the Court transmit copies of this Memorandum Order to Counsel.


/s/_____
Richard D. Bennett
United States District Judge