IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONI WORKS,                              *

     Plaintiff,                        *

        v.                         *       Civil Action No. RDB-10-1284

CAROLYN COLVIN, Acting                   *
Commissioner, U.S. Social Security
Administration,                          *

     Defendant.                        *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM ORDER

    This action was initially filed by Plaintiff Toni Works ("Works" or "Plaintiff") against

Defendant United States Social Security Administration ("SSA" or "Defendant") concerning

the alleged discrimination she suffered while an employee of the SSA. Under the auspices of

the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq.*, Plaintiff asserted claims of disability

discrimination, failure to accommodate, and retaliation. This Court's previous order granting

summary judgment to the Defendant (ECF No. 32) was vacated by the United States Court

of Appeals for the Fourth Circuit and remanded with instructions to grant Works's request

for discovery.[1] After according Works a full opportunity at discovery, on February 20, 2015,

this Court entered a Memorandum Opinion (ECF No. 83) and Order (ECF No. 84) once

---

[1] Works also raised various claims relating to incidents that occurred before June 7, 2003. *See* Compl. ¶¶ 2, 53-66, 116-19, ECF No. 1. This Court dismissed these claims for failure to exhaust administrative remedies. Mem. Op., 10, ECF No. 27. When the United States Court of Appeals for the Fourth Circuit vacated this Court's March 29, 2011 Order (ECF No. 28) to provide Plaintiff with the opportunity to conduct further discovery, that court noted that she abandoned the unexhausted claims on appeal. The parties thus conducted discovery solely on the claims related to Works's July 25, 2003 termination.

again awarding summary judgment to Defendant SSA and against Plaintiff Works. Plaintiff then filed the pending Corrected Motion to Alter/Amend Judgment (ECF No. 87), arguing that this Court erred in awarding summary judgment to the SSA.

The pending Motion was fully briefed by both parties and no hearing is necessary under Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Plaintiff Toni Works's Motion to Alter/Amend Judgment (ECF No. 87) is DENIED.

BACKGROUND

The background facts of this action were extensively and fully set forth in this Court's Memorandum Opinion of February 20, 2015 (ECF No. 83). To summarize, Plaintiff Toni Works suffers from migraine headaches and a debilitating seizure disorder. She was employed by Defendant SSA as a Management Assistant from August 26, 2002 until her termination on August 8, 2003. The SSA hired Works for this one-year period as a probationary employee, a position that permitted her to "work for the SSA on a trial basis for one year without having to discontinue her disability benefits to demonstrate whether she could successfully perform the job and be retained on a permanent basis." Mar. 29, 2011 Mem. Op., 2, ECF No. 27. At the conclusion of the probationary period, the SSA declined to hire Works as a permanent employee due to her well-documented performance issues. Nevertheless, Works contended, and continues to do so, that the SSA terminated her on the basis of her seizure disability and related medical concerns, thereby violating the protections of the Rehabilitation Act.

Works originally brought her challenge before an Administrative Law Judge, who ruled in favor of the SSA. This decision was upheld by the Equal Opportunity Commission

("EEOC"). This Court's initial order granting summary judgment was reversed and remanded by the United States Court of Appeals for the Fourth Circuit with instructions to grant her a further period of discovery. After the Plaintiff having been allowed a full discovery period and an opportunity to present evidence to defeat the SSA's Motion for Summary Judgment, this Court on February 20, 2015 once again award summary judgment to the SSA on Plaintiff's remaining claims of disability discrimination, failure to accommodate, and retaliation. Regarding the claim of disability discrimination, this Court concluded that Works failed to raise a genuine issue of material fact that she was a "qualified individual" within the ambit of the Rehabilitation Act. Feb. 20, 2015 Mem. Op. at 14-17. Although a reasonable jury could find that her performance, when she was actually at work, was satisfactory, Plaintiff's numerous days of leave prevented her from fulfilling the essential functions of her position. Next, this Court held that Works could not establish even a *prima facie* case that the SSA failed to accommodate her disability under the Rehabilitation Act. Finally, while Works did establish a *prima facie* case of retaliation, she could not rebut the SSA's non-discriminatory explanation as merely pretextual.

## STANDARD OF REVIEW

Plaintiff moves to alter or amend this Court's judgment under Rule 52 of the Federal Rules of Civil Procedure. Rule 52(b) authorizes the district court to "amend its findings . . . [and] the judgment accordingly." Yet, Rule 52 governs only those "action[s] tried on the facts without a jury or with an advisory jury," wherein the district court is instructed to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1). In contrast, a district court will grant summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The summary judgment inquiry is a pre-trial examination of the available record, whereas a judgment pursuant to Rule 52 is made after full presentation of the evidence—in other words, after a trial. This Court thus must consider the pending Motion under Rule 59(e) only.[2]

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final[3] judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g., Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Id.* Such motions do not authorize a "game of hopscotch," in which parties switch from one legal theory to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). In other words, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al.*, *Federal Practice and Procedure* § 2810.1, at 127-28 (2d ed. 1995)). A motion for reconsideration thus should be denied when it "merely reiterates arguments [the] Court previously rejected in its Memorandum Opinion[.]" *Redner's*

---

[2] Rule 52(b) and 59(e) impose identical filing requirements—the movant must file the motion to amend no later than twenty-eight days after the entry of judgment. *Compare* Fed. R. Civ. P. 52(b), *with* Fed. R. Civ. P. 59(e). Plaintiff timely filed the pending Motion.

[3] Rule 59(e) applies only to final judgments. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).

*Markets, Inc. v. Joppatown G.P. Ltd. P'ship*, Civ.A. No. RDB-11-1864, 2013 WL 5274356, at *8 (D. Md. Sept. 17, 2013), *aff'd*, 594 F. App'x 798 (4th Cir. 2014).

Where a party presents newly discovered evidence in support of its Rule 59(e) motion, it "must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal citations and quotation marks omitted).  Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info. Sys. & Networks Corp.*, Nos. 92-2355, 92-2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* (internal citations and quotation marks omitted).

## ANALYSIS

In moving to alter and/or amend the judgment, Works does not submit any newly discovered evidence for this Court's review. Rather, she contends first that the decision of the United States Court of Appeals for the Fourth Circuit in *Jacobs v. North Carolina Administrative Office of the Courts, et al.*, 780 F.3d 562 (4th Cir. 2015) constitutes an intervening change in controlling law necessitating reconsideration. Plaintiff further argues that this Court committed clear error in awarding summary judgment to the SSA. Each argument will be addressed in turn.

The Fourth Circuit held in *Jacobs*, 780 F.3d 562, 569-70, that the district court repeatedly misapplied the controlling summary judgment standard. That standard, as

articulated by the Fourth Circuit, demands that the district court "view the evidence in the light most favorable to the nonmoving party." *Id.* at 568 (quoting *Tolan v. Cotton*, -- U.S. ---, 134 S. Ct. 1861, 1866 (2014) (per curiam)) (internal quotation marks and further citation omitted). The district court "cannot weigh the evidence or make credibility determinations." *Jacobs*, 780 F.3d at 569 (citing *Mercantile Peninsula Bank v. French (In re French)*, 499 F.3d 345, 352 (4th Cir. 2007)). The movant is entitled to summary judgment only "if the movant shows that there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a).

The district court in *Jacobs* erred by "failing to consider all of the evidence in the record[,]" and "stat[ing] the facts in the light most favorable to the [defendant]—not Jacobs, the nonmovant." 780 F.3d at 569. Works argues that this Court committed the same errors as the *Jacobs* district court, permitting the Defendant to lead this Court astray. The Plaintiff simply argues that this Court did not conduct a full review of the record, choosing instead to follow blindly the assurances of the SSA. On the contrary, this Court performed an extensive and independent examination of the evidence in record. This Court then considered the available facts in the light most favorable to Works, as the non-moving party. After so doing, this Court awarded summary judgment to the SSA. Works may disagree with this Court's ultimate conclusions, but that disagreement does not equate to a misapplication of the controlling standard.

Next, Works contends that this Court committed clear errors of law in its analysis of her claims under the Rehabilitation Act. Yet, this argument suffers from the same flaw as her first argument. Rather than demonstrating clear error of law, Works simply restates arguments previously offered and rejected by this Court on summary judgment. For

example, she once again argues that she was a "qualified individual" within the meaning the Rehabilitation Act's prohibition against disability discrimination. On summary judgment, the Plaintiff bore the burden of proving that she was "an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions" of her position. *Tyndall v. Nat'l Educ. Centers, Inc. of California*, 31 F.3d 209, 212-13 (4th Cir. 1994) (quoting 42 U.S.C. § 1211(8)). The position in question, however, required her "regular and reliable level of attendance." *Id.* at 213. Works's frequent and extensive absences, however, precluded her from fulfilling this "essential function" of her position. Despite her attempts to assert, once again, that she is a "qualified individual," this Court reached the opposite conclusion on summary judgment. Even further, she raises arguments that were properly raised before the entry of judgment. A motion under Rule 59(e) is not the proper forum to relitigate such arguments. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d at 403.

In sum, Plaintiff fails to satisfy any of the limited circumstances in which Rule 59(e) permits reconsideration of a judgment. Accordingly, her Motion to Alter/Amend Judgment (ECF No. 87) is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff Toni Works's Motion to Alter/Amend Judgment does not satisfy the requirements of Rule 59(e) of the Federal Rules of Civil Procedure. Accordingly, it is this 21st day of January, 2016, ORDERED that:

1. Plaintiff Toni Works's Motion to Alter/Amend Judgment (ECF No. 87) is DENIED; and

2.   The Clerk of the Court transmit copies of this Memorandum Order to Counsel.


_____/s/_____
Richard D. Bennett
United States District Judge